### In re WILLIAM C. JONES CO.

(District Court, D. Massachusetts.   May 3, 1923.)

No. 28874.

1. **Bankruptcy** ⊜⊃318(3)—**Stockholder of bankrupt corporation may be entitled to rescind subscription and claim as creditor.**

A stockholder, who has been induced to purchase shares in a corporation by fraud, may be entitled to rescind, even after the corporation has been adjudged bankrupt, and prove a claim for the money paid, in the absence of facts creating an estoppel.

2. **Bankruptcy** ⊜⊃341—**Rejection of proof of claims by stockholders of bankrupt corporation held erroneous.**

An order of a referee holding, as matter of law and without considering evidence offered, that stockholders of bankrupt corporation were not entitled to prove claims for money which they alleged they had been fraudulently induced to pay for stock, *held* erroneous.

In Bankruptcy.   In the matter of the William C. Jones Company, bankrupt.   On review of order of referee.   Remanded for further proceeding.

Roger D. Swaim, of Boston, Mass., for McCullough and others.

David Stoneman, of Boston, Mass., for trustees in bankruptcy.

BREWSTER, District Judge.   Two holders of capital stock in the bankrupt corporation filed as creditors proofs of claim for the amount paid in to the corporation for said capital stock.   They offered to prove that they had been induced to purchase the stock by false and fraudulent representations made by officers and agents of the bankrupt, duly authorized to represent the corporation; that the statements and representations were in fact untrue in material particulars, and the officers and agents of the corporation who made the same knew they were untrue; that the creditors were deceived by the representations, and bought the stock in reliance thereon, believing the same to be true; that the shares of stock so purchased were shares not previously issued; that the shares were purchased on or about February 4, 1921.   The records show that the bankrupt was adjudicated May 19, 1921, and the proof of claim was filed April 6, 1922.   The filing of the proof of claim was the only act of rescission.   The referee ruled as a matter of law upon this offer or proof that the stockholders were not entitled to prove.

[1] It is fundamental that a stockholder who has been induced to part with his money for shares in a corporation by reason of fraud practiced upon him by the corporation may rescind the purchase and recover the amount paid for the shares, and thereby terminate his status as shareholder.   He has in certain cases been permitted to rescind, even after the corporation has become insolvent, and to prove for the amount paid in to the corporation.   Newton National Bank v. Newbegin, 74 Fed. 135, 20 C. C. A. 339, 33 L. R. A. 727; Grier v. Union National Life Ins. Co. (D. C.) 217 Fed. 287.   In one case where it appeared that indebtedness had been incurred after the subscription,

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the stockholder was allowed to prove, but his claim postponed to the claim of general creditors. In re Morris Bros. (D. C.) 282 Fed. 670.

Whether the stockholder has a right to rescind and prove depends upon the consideration of a number of circumstances.

"If a considerable period of time has elapsed since the subscription was made; if the subscriber has actively participated in the management of the affairs of the corporation; if there has been any want of diligence on the part of the stockholder, either in discovering the alleged fraud, or in taking steps to rescind when the fraud was discovered; and, above all, if any considerable amount of corporate indebtedness has been created since the subscription was made, which is outstanding and unpaid—in all of these cases the right to rescind should be denied, where the attempt is not made until the corporation becomes insolvent." Newton National Bank v. Newbegin, supra.

[2] The offer of proof would seem to be sufficient to establish the creditors' right to rescind and prove, in the absence of any evidence tending to show that they were estopped to assert this right. It may be that after considering the evidence offered by the claimants, and such other facts and circumstances of the case as may be supported by the record or by evidence, the referee would find that the stockholders have lost their rights to rescind, or that their claims should be postponed to those of general creditors, but such a conclusion would not be warranted on the evidence offered by the claimants.

The claims, therefore, of these two holders of stock should be remanded to the referee for further action not inconsistent with this opinion.